UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY CHANEY,

        Plaintiff,

Case No. 1:15-cv-672

Hon. Robert J. Jonker

v.

FITZPATRICK ACQUISITIONS, LLC,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a *pro se* civil rights claim. This matter is now before the court on defendant's "Motion for summary judgment pursuant to FRCP 12(b)(1) and (6)" (docket no. 9).

**I.**    **Plaintiff's Claims**

On June 26, 2015, plaintiff Anthony Chaney filed this *pro se* action against defendant Fitzpatrick Acquisitions, LLC, which operates a Kentucky Fried Chicken restaurant at 1516 28th Street in Wyoming, Michigan. Compl. (docket no. 1, PageID.1). Plaintiff alleged that he sustained a "slip and fall" injury while entering the restaurant on February 25, 2014 . *Id.* Plaintiff contends that defendant engaged in unlawful racial discrimination and racial harassment because: defendant knowingly allowed "prohibited and unsafe sidewalks"; defendant failed to follow the local ordinance regarding removal of snow and other obstructions; defendant's assistant shift manager Joseph Blood stated to plaintiff "I do not know what is wrong with you and your people" and that "you should not have been coming in the front door"; and that the assistant shift manager also locked the front door which prevented plaintiff from leaving. *Id.* at PageID.1-2.

Plaintiff's complaint set forth three counts. In Count I, "Violation of Michigan common law," plaintiff alleged that defendant engaged in racial discrimination and racial harassment. In Count II, "Violation of Michigan common law," plaintiff alleged that defendant engaged in discrimination in public accommodation practices. In Count III, "Violation of Michigan common law," plaintiff alleged that defendant engaged in "discriminatory effects." *Id.* at PageID.2-3. Plaintiff seeks actual damages, damages for pain, suffering and humiliation, punitive damages and unspecified equitable relief. *Id.* at PageID.3.

## II. Defendant's motion

Defendant's motion and brief are internally inconsistent and exhibit poor draftsmanship. While the motion seeks summary judgment, it cites court rules governing motions to dismiss. It is unclear from the supporting brief whether plaintiff seeks dismissal, summary judgment, or both. The thrust of defendant's motion is that plaintiff should have raised the present civil rights claim in a previously dismissed lawsuit brought in the state district court. *See Chaney v. Fitzpatrick Acquisitions, LLC*, No. 14-1702-GC (62-A District Court, Kent Co. Mich.) ("*Chaney I*") (Order granting motion for summary disposition (March 1, 2015)) (docket no. 9-4). However, defendant does not address the claim preclusion issue in any meaningful manner. *See, e.g.*, *Milbrath v. Linsenbigler*, No. 2:07-CV-205, 2008 WL 4562261 (W.D. Mich. Oct. 8, 2008) (setting forth and addressing the elements of claim preclusion based upon a prior state court judgment). This Court need not make the lawyer's case by scouring the party's various submissions to piece together appropriate arguments. *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995). For these reasons, defendant's motion for summary judgment (docket no. 9) should be denied without prejudice as inadequately briefed.

### III. Plaintiff's Title II claim

Nevertheless, the Court concludes that plaintiff's complaint should be dismissed because it fails to state a claim for relief. This is a civil action brought by a *pro se* plaintiff, who was allowed to file the present action *in forma pauperis* pursuant to 28 U.S.C. § 1915. *See* Order (docket no. 5). However, under this statute, the Court "shall dismiss" actions brought *in forma pauperis* "at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The Court reviews an *in forma pauperis* complaint for failure to state a claim on which relief can be granted under the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (internal citations omitted).

Finally, it is well established that "*pro se* complaints are held to even 'less stringent standards than formal pleadings drafted by lawyers.'" *Kent v. Johnson*, 821 F.2d 1220, 1223 (6th Cir. 1987), quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, while *pro se* pleadings are to be liberally construed, "this court is not required to conjure up unpled allegations." *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004).

Here, plaintiff designated Counts I, II and III as seeking relief under "Michigan common law." That being said, plaintiff's Count III includes a reference to the Civil Rights Act of 1964 as being a landmark piece of civil rights legislation "that outlawed discrimination based on race, color, religion, sex, or national origin" and "ended unequal application of voter registration requirements and racial segregation in schools, at workplace and by facilities that served the general public (know as "public accommodations"). Compl. at PageID.3. In addition, plaintiff stated that "[t]he U.S. Constitution and the Civil Rights Act of 1964 work in concert to ensure that each resident's chances in the pursuit of happiness are not damage [sic] by their race." *Id.* Construing plaintiff's complaint liberally, the Court concludes that plaintiff is seeking relief under Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a *et seq.*, which prohibits discrimination on the basis of race, color, religion, or national origin in certain places of public accommodation (such as the restaurant named in the complaint). *See* 42 U.S.C. § 2000a(a) ("All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin.").

The remedy provided by Title II is injunctive and declaratory relief. *See* 42 U.S.C. § 2000a-3(a). As the Supreme Court explained:

> A Title II suit is thus private in form only. When a plaintiff brings an action under that Title, he cannot recover damages. If he obtains an injunction, he does so not for himself alone but also as a 'private attorney general,' vindicating a policy that Congress considered of the highest priority.

*Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 401-02 (1968). *See also, Watson v. Fraternal Order of Eagles*, 915 F.2d 235, 242 (6th Cir. 1990) ("Title II entitles successful plaintiffs to injunctive relief only").

Here, plaintiff does not request injunctive or declaratory relief against defendant to remedy alleged discrimination related to his accommodation at the restaurant as allowed under Title II. Rather, plaintiff's prayer for relief seeks "actual damages, as well as damages for the pain, suffering, and humiliation," "punitive damages as permitted by applicable law in an amount believed by the Court or trier of fact to be appropriate to punish Defendants [sic] for their willful, deliberate, malicious, and outrageous conduct and to deter Defendants [sic] or other companies from engaging in such misconduct in the future," and a trial by jury. Compl. at PageID.3. While plaintiff's complaint included a pro forma request for "other equitable and legal relief as the Court deems just, proper, and appropriate," *id.*, it did not seek injunctive relief as a "private attorney general" pursuant to Title II. Rather, it appears that plaintiff cited this federal statute in an attempt to buttress his claims for monetary damages. Accordingly, plaintiff's claim for relief under Title II -- his only federal claim -- should be dismissed.

### IV. Plaintiff's state law claims

The remainder of plaintiff's claims against defendant involve alleged violations of Michigan state law. Here, the Court exercised its supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367, presumably because those claims were intimately related to the alleged Title II violation. *See* 28 U.S.C. § 1367(a) ("the district court shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form a part of the same case or controversy"). The dismissal of plaintiff's

federal claim against defendant, however, requires the Court to re-examine the issue of supplemental jurisdiction for state law claims against these defendants. Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over a claim if the court "has dismissed all claims over which it has original jurisdiction." Thus, once a court has dismissed a plaintiff's federal claim, the court must determine whether to exercise, or not to exercise, its supplemental jurisdiction under § 1367. *See Campanella v. Commerce Exchange Bank*, 137 F.3d 885, 892-893 (6th Cir. 1998). As a general rule "[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims." *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1254-1255 (6th Cir. 1996). Here, the undersigned has concluded that plaintiff's only federal claim should be dismissed. There is no reason to retain supplemental jurisdiction over plaintiff's state law claims. Accordingly, the court should dismiss the remaining state law claims asserted against defendants.

**V.      Recommendation**

For these reasons, I respectfully recommend that defendant's motion for summary judgment (docket no. 9) be **DENIED**.

I further recommend that plaintiff's claim for relief under Title II be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

I further recommend that plaintiff's state law claims be **DISMISSED** pursuant to 28 U.S.C. § 1367(c)(3) and that this case be **TERMINATED**.

Dated:  January 29, 2016         /s/ Ray Kent
                                 RAY KENT
                                 United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).